IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TERRITORY OF GUAM, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civ. Action No. _____ |
| UNITED STATES DEPARTMENT OF NAVY, | § § § | Filed March 2, 2017 |
| *Defendant*. | § § | |

## **COMPLAINT**

Comes Now, the Territory of Guam, as authorized and approved by Governor Eddie Baza Calvo and brought by the Office of Attorney General Elizabeth Barrett-Anderson and outside counsel, and complains as follows:

### INTRODUCTION

1. This is a civil action brought by the Territory of Guam pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended ("CERCLA"), against the United States Department of Navy for response costs arising from or related to the remediation and closure of the Ordot Landfill.

### JURISDICTION

2. Jurisdiction is proper in this Court under 28 U.S.C. § 1331 (civil action arising under the laws of the United States) and 28 U.S.C. § 2201 (declaratory relief). Jurisdiction is also proper in this Court under 42 U.S.C. §§ 9613(b) and 9613(g)(2) ("CERCLA").

## VENUE

3. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(1), 1391(c)(2) and 1391(e)(1)(A) and 42 U.S.C. § 9613(b).

## PARTIES

4. Plaintiff, Territory of Guam ("Guam"), is a public entity existing under the Guam Organic Act of 1950 and has the power to sue in such name under 48 U.S.C. § 1421a.

5. Defendant United States Department of Navy ("Navy") is an agency within the Executive Branch of the federal government of the United States of America. Defendant Navy is a resident of Connecticut with Naval Submarine Base New London located at Groton, Connecticut 06349. Defendant Navy may be served at the following three addresses:

> 875 N Randolph Street
> Arlington, VA  22217
>
> 720 Kennon Street, SE
> Washington, DC  20374
>
> 1322 Patterson Ave., Suite 3000
> Washington Navy Yard, DC 20374-5066

The United States Attorney for the District of Connecticut may be served at:

> Connecticut Financial Center
> 157 Church Street, Floor 25
> New Haven, CT  06510

## FACTUAL BACKGROUND

6. On June 21, 1898, the United States captured the island of Guam. By the Treaty of Paris, Spain ceded Guam to the United States, effective April 11, 1899. Defendant Navy operated the island as the "USS Guam," with the Naval Commandant acting as the governor of Guam. Plaintiff Guam was established by the United States Congress through enactment of the Guam

Organic Act in 1950.  The Guam Organic Act transferred federal jurisdiction over Guam from Defendant Navy to the Department of the Interior.  However, Guam continued to be under the control of the federal government and Defendant Navy, having its governor appointed by the President of the United States.  Indeed, a security clearance was required to visit Guam until the 1960s.  Guam's first elected governor took office in 1971.

7. Defendant Navy built and began using the Ordot Landfill before World War II for the disposal of municipal and military waste.  The Navy operated the landfill until the Japanese military invaded and occupied Guam in December 1941.  Upon the recapture of the island by the United States in July 1944, Defendant Navy resumed operations at the Ordot Landfill and controlled the site thereafter.  Despite the Guam Organic Act, Guam remained an instrumentality of the federal government from 1950 to 1970.  During this time period, the Ordot Landfill was operated by the government of Guam under a governor appointed by the President of the United States.

8. During its years of operation, the Ordot Landfill was unlined on its bottom and uncapped at its top.  The landfill absorbed rain and surface water and released it after it percolated through the landfill and picked up contaminants.  These contaminants discharged into the nearby Lonfit River.  The Lonfit River flows into the Pago River which discharges into the Pacific Ocean at Pago Bay.

9. The Ordot Landfill has a long history of operational and environmental problems dating back to before World War II.  The United States Environmental Protection Agency ("USEPA") added the Ordot Landfill to the National Priorities List ("NPL") in 1983.  The NPL is USEPA's list of sites given priority for the expenditure of funds to respond to the release or

threatened release of hazardous substances. In 1988, the USEPA issued a Record of Decision which noted that Defendant Navy was a potentially responsible party ("PRP") for the environmental contamination at and emanating from the Ordot Landfill.

10. In 2002, the United States sued Guam solely under the Clean Water Act, asserting that Guam was allowing the discharge of leachate from the Ordot Landfill into the Lonfit River and two of its tributaries. In 2004, the United States District Court for the Territory of Guam approved a consent decree under the Clean Water Act requiring Guam to close the Ordot Landfill and stop the discharge of leachate. In 2011, operations at the Ordot Landfill ceased. Remediation and closure work at the Ordot Landfill, which included capping the landfill, installing storm water management ponds, leachate storage tanks and a sewer line, began in December 2013 and is still ongoing.

11. To date, Guam has expended approximately $56,000,000 in response costs related to the remediation and closing of the Ordot Landfill alone, and response costs of all related efforts are expected to exceed approximately $160,000,000.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### RECOVERY OF RESPONSE COSTS UNDER SECTION 107(A) OF CERCLA

12. Guam incorporates the allegations in all preceding paragraphs.

13. The Ordot Landfill is located on Guam. The Ordot Landfill is a facility within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

14. Defendant Navy is a person within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21). Defendant Navy is the former owner and operator of the Ordot Landfill, and it also arranged for the disposal or treatment of hazardous substances at the Ordot Landfill.

15. During the time the Navy owned or operated the Ordot Landfill, and possibly afterwards, the Navy disposed of, and arranged for the disposal of, various types of hazardous substances and waste at the Ordot Landfill, including but not limited to spent industrial and commercial chemicals, PCB-contaminated oils from electrical transformers and munitions.

16. There have been releases, within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), and threats of continuing releases, of hazardous substances, within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), into the environment at or from the Ordot Landfill.

17. Guam has incurred and will continue to incur costs to respond to the releases or threatened releases of hazardous substances at or from the Ordot Landfill.

18. Guam's response actions regarding the Site are not inconsistent with the National Contingency Plan, 40 C.F.R. Part 300.

19. Under Section 107(a)(4)(A) of CERCLA, PRPs are liable for all costs of removal or remedial action incurred by the United States Government or a State . . . not inconsistent with the national contingency plan." 42 U.S.C. § 9607(a)(4)(A). The terms United States and State are defined specifically to include Guam. 42 U.S.C. § 9601(27).

20. Under CERCLA, each department or agency of the United States is subject to liability under Section 107. 42 U.S.C. § 9620(a)(1). Defendant Navy is liable under Section 107(a)(2) because it owned or operated the Ordot Landfill when hazardous substances were disposed of there. Defendant Navy is also liable because it arranged for the disposal of hazardous substances at the Ordot Landfill.

21. Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), Defendants are liable to Guam for environmental response costs incurred by Guam related to the Ordot Landfill, plus interest, in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### DECLARATORY JUDGMENT OF LIABILITY FOR FUTURE RESPONSE COSTS PURSUANT TO SECTION 113(g)(2) OF CERCLA

22. Guam incorporates the allegations in all preceding paragraphs.

23. Guam will continue to incur costs associated with the Ordot Landfill that are recoverable from Defendant Navy as response costs under CERCLA.

24. Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), specifies that in any action for recovery of costs under Section 107 of CERCLA, 42 U.S.C. § 9607, "the court shall enter a declaratory judgment on liability for response costs . . . that will be binding on any subsequent action or actions to recover further response costs . . . ."

25. Guam is entitled to entry of a declaratory judgment that Defendant Navy is liable for future response costs incurred by Guam in connection with the Ordot Landfill to the extent that such costs are incurred in a manner not inconsistent with the National Contingency Plan.

## **PRAYER FOR RELIEF**

WHEREFORE, Guam prays that this Court:

26. Enter a judgment in favor of Guam and against Defendant Navy pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for environmental response costs incurred by Guam at the Ordot Landfill, plus interest, in an amount to be proven at trial.

27. Enter a declaratory judgment of liability in favor of Guam and against Defendant Navy for future response costs pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2).

28. Enter a judgment awarding Guam its costs incurred herein.

29. Enter a judgment for such other and further relief as the Court deems just and equitable.

Dated:  March 2, 2017                                        Respectfully submitted,

*Marisa A. Lorenzo*

| | |
|---|---|
| Elizabeth Barrett-Anderson | Marisa A. Lorenzo (ct30190) |
| ATTORNEY GENERAL OF GUAM | KELLEY DRYE & WARREN LLP |
| Kenneth D. Orcutt | 101 Park Avenue |
| DEPUTY ATTORNEY GENERAL | Telephone: (212) 808-7800 |
| Civil Litigation Division | Facsimile: (212) 808-7897 |
| 590 S. Marine Corps Drive | New York, NY 10178 |
| Suite 706, ITC Building | mlorenzo@kelleydrye.com |
| Tamuning, Guam  96913 | |
| Telephone:  (671) 475-3324 | John D.S. Gilmour |
| Facsimile:  (671) 472-2493 | William J. Jackson |
| korcutt@guamag.org | Mark Donatiello |
| | KELLEY DRYE / JACKSON GILMOUR DOBBS |
| | 515 Post Oak Blvd., Suite 900 |
| | Houston, TX  77027 |
| | Telephone:  (713) 355-5005 |
| | Facsimile:  (713) 355-5001 |
| | jgilmour@kelleydrye.com |
| | bjackson@kelleydrye.com |
| | mdonatiello@kelleydrye.com |